UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DELAINE G.,

                    Plaintiff,

        v.

ANDREW M. SAUL,
Commissioner of Social Security,

                    Defendant.

CASE NO. C20-5807-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for a Period of Disability and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1958,[1] has a high school education, and previously worked as a referral and informational aide and a clerk. (AR 13.) Plaintiff applied for a period of disability and DIB on March 23, 2018. (AR 4.) That application was denied initially and upon

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

1    reconsideration, and Plaintiff timely requested a hearing. (*Id.*) On August 20, 2019, ALJ C.

2    Howard Prinsloo held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 39-

3    59.) On August 27, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 1-19.)

4    Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review (AR 20-25),

5    making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial

6    review.

7                                         **JURISDICTION**

8          The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

9                                          **DISCUSSION**

10         The Commissioner follows a five-step sequential evaluation process for determining

11   whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

12   be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not

13   engaged in substantial gainful activity since June 27, 2017, the alleged onset date. (AR 6.) At step

14   two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found

15   severe Plaintiff's expressive aphasia status-post cerebrovascular accident, diabetes, and obesity

16   (AR 6-7.) Step three asks whether a claimant's impairments meet or equal a listed impairment.

17   The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment.

18   (AR 7.)

19         If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

20   residual functional capacity (RFC) and determine at step four whether the claimant has

21   demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of

22   performing "a full range of work at all exertional levels," subject to additional limitations: "she

23   should not be expected to work around hazards, including unprotected heights and moving

machinery" and "[s]he is limited to simple tasks with no more than occasional interaction with the public and with minimal communication required." (AR 8.) With that assessment, and with the assistance of the VE, the ALJ found Plaintiff able to perform the following jobs existing in significant numbers in the national economy: janitor, hand packager, electronics worker, garment sorter, and small products assembler. (AR 13-14.) The ALJ concluded Plaintiff was not disabled from June 27, 2017, through December 31, 2017, the date last insured (AR 14.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by failing to consider all of her limitations in determining her RFC and failing to develop the record. The Commissioner argues the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed.

<u>RFC</u>

Plaintiff first argues the ALJ erred in fashioning an RFC that does not account for all of the limitations caused by Plaintiff's aphasia. In specific, Plaintiff contends the RFC's restriction to "simple tasks" does not meaningfully address Plaintiff's deficiencies in concentration, persistence, and pace, which the ALJ specifically found. (AR 8.) The Commissioner avers Plaintiff relies on unpublished and out-of-circuit decisions. Nevertheless, the Court finds *Brink v. Comm'r*

1   *Soc. Sec. Admin*. particularly persuasive and on point. *See* 343 F. App'x 211, 212 (9th Cir. 2009)

2   ("Although the ALJ accepted that Brink has moderate difficulty with concentration, persistence,

3   or pace, he nevertheless concluded, contrary to the vocational expert's testimony, that Brink can

4   perform certain light work. This conclusion was based on an incomplete hypothetical question,

5   and is not supported by substantial evidence. The hypothetical question to the vocational expert

6   should have included not only the limitation to 'simple, repetitive work,' but also Brink's moderate

7   limitations in concentration, persistence, or pace."). Here, the RFC is in tension with the ALJ's

8   specific finding that Plaintiff has a "moderate limitation" with regard to "concentrating, persisting

9   or maintaining pace." (AR 8.) The Court accordingly concludes the ALJ failed to properly consider

10  all limitations caused by her aphasia.

11         Next, Plaintiff argues the ALJ failed to incorporate limitations concerning Plaintiff's ability

12  to work with co-workers and supervisors. While the RFC limited Plaintiff to "no more than

13  occasional interaction with the public," it is silent as to the necessity of limitations, if any,

14  concerning Plaintiff's interaction with co-workers and supervisors. Remand is thus necessary to

15  permit the ALJ to properly address, in the first instance, whether the RFC is underinclusive or

16  sufficient in this regard.

17         Finally, Plaintiff argues the RFC fails to account for obesity-related lifting limitations.

18  While the ALJ should consider all relevant conditions, Plaintiff points to no evidence that supports

19  a finding that her obesity causes lifting limitations that the ALJ failed to assess. Rather, Plaintiff

20  asks the Court to "infer" that Plaintiff's obesity contributes to limitations not accounted for in the

21  RFC. Dkt. 20 at 3. The Court cannot substitute its judgment for that of the ALJ. *Tackett v. Apfel*,

22  180 F.3d 1094, 1098 (9th Cir. 1999). The Court accordingly concludes Plaintiff has failed to show

23  harmful error in this regard. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("[T]he

1    burden of showing that an error is harmful normally falls upon the party attacking the agency's

2    determination."); *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party

3    challenging an administrative decision bears the burden of proving harmful error).

4                                            Developing the Record

5           Plaintiff argues the ALJ failed to develop the record with respect to the opinion of

6    Plaintiff's treating physician, Patricia McEachrane-Gross, M.D, who opined Plaintiff "has a

7    physical impairment that substantially limits the major life activity of oral communication and that

8    her speech-language impairment has negatively impacted her wage-earning capacity among other

9    effects." (AR 398.) Plaintiff argues the doctor's statement triggered the ALJ's duty to develop the

10   record and inquire further. However, "[a]n ALJ's duty to develop the record further is triggered

11   only when there is ambiguous evidence or when the record is inadequate to allow for proper

12   evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, Dr.

13   McEachrane-Gross's opinion is not ambiguous. The ALJ agreed with the doctor that Plaintiff

14   "experienced expressive aphasia affecting her ability to communicate with others" but found the

15   doctor "did not suggest vocationally specific functional limitations." (AR 12.) The ALJ's finding

16   does not suggest the doctor's opinion needs further development, as Plaintiff suggests, but instead

17   is a reasonable assessment of what Dr. McEachrane-Gross stated. The doctor did not say Plaintiff

18   was unable to work or otherwise implied it in a hazy way. Rather, the doctor stated Plaintiff had

19   limitations which the ALJ accepted in fashioning Plaintiff's RFC, which limits Plaintiff to work

20   "with minimal communication required." (AR 8.) While the Court accordingly concludes the ALJ

21   did not err, the ALJ should revisit Dr. McEachrane-Gross's opinions on remand, if necessary.

22   / / /

23   / / /

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5

1

## <u>CONCLUSION</u>

2      For the foregoing reasons, this matter is REVERSED and REMANDED for further

3   administrative proceedings.

4      DATED this <u>31st</u> day of March, 2021.

5

6      _____
       Mary Alice Theiler

7      United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 6